Totten, J.,
delivered the opinion of the court.
The prisoner was indicted in the circuit court of McNairy, for larceny, alledged to consist in the felonious taking of certain bank notes, the property of Calvin Shull; he was convicted, and thereupon moved for a new trial; the motion was overruled, and he has appealed in error to this court.
It appears that there had been a trial before a committing court, consisting of Samuel D. Pace and George G. Adams, justices of the peace of McNairy, and that bn this trial, Dixon H. Rushing a witness for the State, was sworn and examined, in presence of the prisoner, touching the alleged larceny. This witness, who was an important and material one for the State, died before the trial in the circuit court, and witnesses were admitted at the trial to prove the evidence given by him before the committing court.
*485 The causes assigned for error on the part of the prisoner, relate to the admission of this evidence; and it is insisted that such evidence is wholly incompetent, because the accused has a constitutional right to meet the witness face to face. But if this clause in the bill of rights has no application to a case like this, then it is insisted that such evidence is not allowable in criminal cases, however it may be in civil; and if this objection should not be conceded, it is finally urged that the witnesses called to prove the evidence given by the deceased witness at the former trial, must be able to state, and assume to state the evidence of the deceased witness in the precise terms and words used by him, and not otherwise;, and that not being done in the present case, the court erred in receiving the evidence. Various authorities are cited to sustain these positions. See State vs. Atkins, 1 Tenn. R. 229; Peake’s Ev. 90; 5 Rad. R. 701; United States vs. Wood, 3 Washington C. C. R. 440; Commonwealth vs. Richards, 18 Pick. R. 434; Welker vs. Felwin, 6 Con. R. 162; Warren vs. Nichols, 6 Metcalf R. 361; 2 Russell on Crimes, 751.
The right of the accused “to meet the witness face to face,” is next in importance and value to the right of trial by jury, and it should be fully conceded and secured to him, according to the true intent and meaning of the constitution. It is urged that the admission of proof of what the deceased witness stated at a former trial, is a violation of the right, and the ease of the State vs. Atkins, 1 Tenn. R. 229, and Peake’s Ev. 90, are relied upon. The case in Tenn. R. supports the position. The court, in delivering their judgment, say, that though no cases in point have been produced, they understand that such evidence could not be received agreeably to magna *486 charts; and they also place the objection on the ground of the constitutional provision before referred to. The reference to Peake’s Ev. states briefly, that such evidence “is not allowed in a criminal prosecution,” and Fenwick’s case is cited, 4 St. Tri. 265. In 2 Phil. Ev. C. & H. note 571, it is said, the reference does not warrant the principle stated; that the case was, that Lady Fenwick had spirited away a material witness who had sworn against Cooke, on his trial for the same treason for which Sir John Fenwick was impeached, and reference is made to 5 Harg. St. Tr. 62. But see 2 Hawk. P. C., ch. 46 sec. 17.
The right of the accused to confront the witnesses against him, is doubtless declared in all the American constitutions, State and Federal; yet, iff the case of U. S. vs. Wood, 3 Washing. C. C. Rep. 440, for robbing the mail, a capital offence, no objection of the kind was made, but proof of what a deceased witness had sworn on a former trial, was held admissible, subject to certain restrictions, or to its being in the very words of the deceased. See Phil. Ev. C. & H., note 437.
In the case of Commonwealth vs. Richards, 18 Pick. R. 437, the constitutional question was expressly raised, and it was held, that proof of what a deceased person stated at a former trial, in a criminal prosecution, was legal and competent. In this case, the case of the State vs. Atkins, 1 Tenn. R., was relied upon by the defendant’s counsel.
In Russell on Crimes it is stated, that “if there has been a previous criminal prosecution between the same parties, and the point in issue was the same, the testimony of a deceased witness given upon oath at the former trial, is admissible on the subsequent trial, and *487 may be proved by one who heard him give evidence.” 2 Russell on Cr. 683; Rex vs. Carpenter, 2 John. 47; 2 Hawk. Pl. Cr., ch. 46, s. 20.
The reference in Hawkins is to the Earl of Stafford’s case, in which it was adjudged, “that where witnesses could not be procured to testify viva voce, by reason of sickness, &c., then their depositions might be read, for or against the prisoner, on a trial of high treason, but not where they might have been produced in person.” See 3 St. Tr. 204, and Ld. Raym. 407. It will be seen that this is a much stronger case than the one now before us, and we do not cite it as admitting its authority to the extent stated.
But in what manner does the admission of such proof violate the right of the accused to meet the witness against him face to face? The evidence of the deceased witness was given on oath before the committing court, in the presence of the accused, who had the right to cross-examine; he is again present when that evidence is proved by the oath of other witnesses, and has the right to cross-examine. The objection to the admission of such evidence might be urged with stronger reason, as it would seem, to the admission of dying declarations on trials for homicide, where the declarations admitted for proof are not made in the presence of the accused, are not on oath, and there is no right to cross-examine. It is perfectly well settled, however, that such evidence is admissible on a charge of felonious homicide, and yet is not admissible in any mere civil suit. See 2 Russell on Cr. 684, note 2, and cases reported in this State.
But reverse the case, and suppose the death of a material and only witness for the accused, and such an accident may not unfrequently occur, how important is it to *488 the life, liberty, and reputation of the citizen that he have the benefit of such evidence when wrongfully accused. The admission of such evidence is more important to the' accused than to the prosecution. The State, could dispense with the punishment of an occasional offender without any material public injury, but the success of the defence is all important to the individual accused.
And when it is considered that the effect of all evidence is to reflect light and truth on the matter in issue, to enable the forum before which it is tried to arrive at a just and true result, it would seem the more reasonable and proper course to favor its admission, where it is valuable in itself and not under the ban of well guarded legal objection. We are, therefore, of opinion that evidence of the character in question is legally competent, and should be permitted to go to the jury, in criminal as well as civil cases.
2. The next enquiry relates to the manner of bringing this secondary evidence before the jury.
As to the person by whom it may be proved, .it is perfectly clear that any person who was present and heard the former viva voce testimony, the judge, counsel, juror, or a bystander, may state it, provided he will, on his oath, undertake to repeat it in such detail as the practice of the court may require. See U. S. vs. Wood, 3 Wash. C. C. R. 440; Cornell vs. Green, 10 Serg. & R. 17; 2 Phil. Ev. C. & H., note 442.
But a material question arises, as to the manner of repeating the evidence; whether it should be the precise words of the deceased witness, or only the substance of his testimony.
Ld. Kenyon held, that a witness was not allowed to speak to the effect of what the deceased witness had *489 sworn; he ought, said he, to recollect the very words, for the jury alone can judge of the effect of words. See case of Rex vs. Joliff, 4 T. R. 290; 1 Phil. Ev, 231. This dictum of Ld. Kenyon is the leading authority for those who insist upon the strictness of the rule. Mr. Phillips, commenting on it, says, “This, it is conceived, can only mean, at the farthest, that he must be able to speak the identical words of the former witness, when it is essential that the very, identical words should be known. In some cases, proof of the substance of the former evidence may he as satisfactory as proof of the identical words, unless the witness can undertake (what is not possible) to deliver the same testimony precisely with the same manner and in the same words.” 1 Phil. Ev. 231.
Russell, in his work on crimes, states the rule to be, on the authority mainly of Ld. Kenyon in the case before referred to, “that the. witness must speak the very words, and not merely swear to the effect of them.” 2 Russell, Cr. 682.
So, in the case of Wilkes vs. Selden, 6 Cowen R. 164, Savage, Ch, J., says, “the rule laid down by Ld. Kenyon, (4 T. R. 290,) is, that the words must be given and not the effect of them.”
In the Commonwealth vs. Richards, 18 Pick. R. 438, the court say, that “in Rex vs. Joliff, 4 T. R. 290, a witness was called to prove what Ld. Palmerston had sworn to at a former trial, and was rejected, because he would not undertake to give the very words, but merely their effect or substance;” and relying on this authority, the same rule was adopted. *
The case of Warren vs. Nichols, 6 Metcalf R. 264, follows the rule in the case of, the Commonwealth vs. Richards, Hubbard, J., delivering a dissenting opinion.
*490 This train of authority, it will be seen, rests mainly on the dictum of Lcl. Kenyon, before referred to.
Now, it must be evident, and the cases which assert the rule admit it, that to require the precise words, as stated by Lord Kenyon, will in effect be the same as to exclude the evidence entirely. On the contrary, in Pike vs. Crouch, 1 Raym. R. 730, the rale is thus stated: “If a man was sworn as a witness at a former trial and gave evidence, and died, the matter that he deposed. at the former trial, may be given in evidence at another trial, by any person who heard him swear at the former trial.” It will be seen that only the matter or substance is required and not the very words.
In Cornell vs. Green, 10 Serg. & R, 14, Gibson, J., says, “the rule applied with that degree of strictness, would be altogether useless in practice; for there is no man, be his powers of recollection what they may, who could be qualified to give such evidence; and if he should undertake to swear positively to the very words, the jury ought, on that account alone, to disbelieve him;” and in this case, it was accordingly held, that not the words, but the substance only need be stated.
In Melvin vs. Whiting, 7 Pick. 81, the court say, that “to swear to the very words of the deceased witness is in most cases impossible, and so the rule is nearly useless.”
In Caton vs. Lenox, 5 Rand. 36, Carr, J., in delivering the opinion, says, “it is the doctrine both of reason and authority, that where a witness who had been examined in a cause, dies, his evidence may be proved in any subsequent trial of the cause, if the person proving it will swear that he gives the matter substantially.” See also 3 Taunton R. 261; 11 J. R. 130; 2 Phil. Ev. C. & H. note 442; 1 Greenleaf’s Ev. sec 161.
*491 We are entirely satisfied that the evidence is competent, if the witness is able to state the substance of what was sworn by the deceased witness at the former trial. "‘But he must state in substance the whole of what was said on the particular subject which he was called to prove. If he can state only what was said on that subject by the deceased on his examination, in chief, without also giving the substance of what he said upon it, in his cross-examination, it is inadmissible.” Wolf vs. Wyeth, 11 Serg. & R. 149; 10 Ala. R. 260; 1 Greenl. Ev. sec. 165.
We think the rule thus stated has its proper limitations and restrictions, so as to guard against imperfect and partial statements, on the one hand, and by too great strictness, the practical exclusion of the proof on the other.
It is assimilated to the rule of evidence in other cases bearing strong analogy to this; as in cases of confessions, admissions, and dying declarations, the witness may state the words if he can; if not, the substance of what was confessed, admitted, or declared, is competent.
In a case like the one before us, if the witness were present all the time during the examination and cross-examination of the deceased witness, and gave it his attention, and ií he can say that h'e believes he can remember and state the substance of what the deceased witness said as to the particular subject to which he is called, he is competent to state it. This, of course,..includes a statement of what the deceased witness said, both in chief and on cross-examination, if there was any, in reference to the particular subject about which he is called on to depose. It is not necessary that the witness should be able to detail the substance of every thing in *492 relation to which the deceased witness was examined at the former trial. He may have been examined on several distinct facts and subjects, and on many things wdiolly irrelevant to the ease, as to all which no conseiencious witness could assume to say that he remembered the substance of all that the deceased witness said in the course of his examination. It were better to exclude the evidence entirely, than to enforce such a practice, as none but the unscrupulous would be able to make themselves competent.
But what was said by the deceased witness in chief and on cross examination, on a given subject, having been stated and- detailed substantially, the party against whom the witness is called would undoubtedly have the right to extend the examination to all and every thing about which the deceased witness gave evidence at the former trial, if he thought proper to do so, in the same manner as a party has a right to do, where confessions or admissions are proved against him. He would have a right on cross-examination to every thing that was said on the subject at the given time or occasion.
Now, we have carefully examined the proof contained in the bill of exceptions, and it appears highly probable that the substance of the whole testimony given by the deceased witness has been stated and detailed; but in as much as the manner of stating this evidence is exceptionable in several particulars, we have felt it to be our duty to remand the cause for a new trial. We have stated the rule of evidence with sufficient distinctness, as we think, to indicate the exceptionable character of the proof before us.
Let the judgment be reversed, and the cause remanded for further proceedings.